## Application of A. B. C. LIQUOR STORE (No. 2).

Railroad & Public Utilities Commission.
December 22, 1952.

G. B. Fishback of Fishback, Williams & Smith, Orlando, for applicant.

George E. Owen, Tallahassee, for the Attorney General.

Chairman RICHARD A. MACK and Commissioners JERRY W. CARTER and WILBUR C. KING each participated in the final disposition of this cause.

BY THE COMMISSION.

The commission by its duly designated examiner, George L. Patten, held a public hearing on the above application in the criminal court room, Orange County Court House, in Orlando, on September 18, 1952.

On September 23, 1952 the Attorney General requested oral argument in this cause and pursuant to said request the commission heard counsel for the applicant and the Attorney General on November 18, 1952.

By an order entered herein on November 13, 1951 the commission denied the application of J. D. Holloway for immediate reinstallation of telephone service in the business establishment known as A. B. C. Liquors, 60 West Central Ave., Orlando. The Southern Bell Tel. & Tel. Co., however, was authorized in said order to re-install telephone service to applicant at the expiration of 18 months from the date service was discontinued, service having been dis-

continued on August 23, 1951. This is a new application for re-installation of telephone service.

At the above hearing the applicant produced as a witness the chief of detectives for the city of Orlando, whose duty it is to make inquiry as to violations of the gambling laws that may be occurring in that city. This witness testified that during the past 10 months he has received no information connecting the applicant in any way with illegal activities and particularly with reference to the gambling laws of this state. Criminal charges arising out of the investigation by the Attorney General's office, which are set out in detail in the aforementioned order dated November 13, 1951, have either been disposed of by dismissal or by a verdict of not guilty by a jury in the criminal court of record.

Some testimony was presented by the Attorney General to the effect that the applicant was still engaged in bookmaking activities. The testimony submitted, however, was clearly inconclusive, and does not warrant our finding that the applicant has been engaged in gambling activities since the removal of his telephone in August, 1951.

The applicant has been without telephone service at A. B. C. Liquors, 60 West Central Ave., Orlando, for over one year, and we feel that having been deprived of such facilities, he will use every precaution to see that the telephone facilities are not used in the future for gambling or other illegal activities. We feel that he has been sufficiently punished and that his application for immediate reinstallation of telephone service should be granted.

It is therefore ordered that Southern Bell Tel. & Tel. Co. be and it is hereby authorized to reinstall telephone service to applicant at 60 West Central Ave., Orlando, on proper application therefor in conformity with its usual and customary business practices relating to the installation of telephone service.